## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANDREA BRADLEY, as Independent )
Administrator of the Estate of )
LUVERANEIZE CALDWELL, Deceased, )
                                              )          **2015L006125**
          Plaintiff,             )          **CALENDAR/ROOM C**
                                                )          **TIME 00:00**
          vs.                      )   No.    **PI Other**
                                                )
SSC WESTCHESTER OPERATING COMPANY, )
LLC d/b/a WESTCHESTER HEALTH & )
REHABILITATION CENTER, )
          Defendant.         )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, Deceased, by and through her attorneys, KEATING LAW OFFICES, P.C., and files her Complaint at Law against the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, stating as follows:

### Count I - Illinois Nursing Home Care Act—Survival Act

1.     Plaintiff's decedent LUVERANEIZE CALDWELL died on July 25, 2014.

2.     Plaintiff ANDREA BRADLEY has been appointed the Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, and is authorized by law to bring this action.

3.     Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, is a limited liability company organized and existing pursuant to the laws of Illinois.

4.     At all times relevant to this Complaint, the Illinois Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.*, was in full force and effect.

5.     At all times relevant to this Complaint, the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, was the owner, licensee, and/or operator of the Westchester Health & Rehabilitation Center, also known as "Sava Senior Care", a "facility" as defined by 210 ILCS 45/1-113 of the Illinois Nursing Home Care Act, located at or near 2901 Wolf Road, Village of Westchester, County of Cook, State of Illinois (hereinafter "the facility").



EXHIBIT
A

6.    That at all times mentioned and relevant herein, both the Defendant SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER and the facility were subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., (the "Act"), as promulgated by the Illinois Department of Public Health, codified at 77 Ill. Admin. Code § 300, et seq.

7.    At all times relevant herein, Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, by and through it employees and/or agents, provided medical care, treatment and procedures to residents of the aforementioned facility.

8.    Plaintiff's decedent LUVERANEIZE CALDWELL was a "resident" of the long-term care facility commonly known as Westchester Health & Rehabilitation Center from on or about June 18, 2013 until her discharge from Defendant's facility on June 28, 2013.

9.    On or about June 28, 2013, Plaintiff's decedent LUVERANEIZE CALDWELL was transported from Defendant's facility to Elmhurst Memorial Hospital in Elmhurst, Illinois by ambulance due to symptoms including unresponsiveness, low pulse, and low respiration rate.

10.    Plaintiff's decedent LUVERANEIZE CALDWELL was transported to Elmhurst Memorial Hospital on or about June 28, 2013 because she was "unresponsive," "very hard to arouse" and "not in her usual state of health" while at Defendant's facility.

11.    Upon admission to the emergency room at Elmhurst Memorial Hospital on or about June 28, 2013, Plaintiff's decedent LUVERANEIZE CALDWELL was diagnosed with "altered mental status," among other ailments.

12.    The Illinois Department of Public Health conducted an investigation of Defendant's facility regarding the care and treatment of Plaintiff's decedent LUVERANEIZE CALDWELL and determined that Defendant failed to follow its Psychotropic Management Policy by proscribing 15mg daily doses of Remeron, an antidepressant used to treat major depressive disorders, without consent of the resident or the resident's guardian.

13.    The altered mental status of Plaintiff's decedent, LUVERANEIZE CALDWELL, upon admission to Elmhurst Memorial Hospital on or about June 28, 2013 demonstrates the nursing staff at Defendant's facility administered excessive and unnecessary medication to LUVERANEIZE CALDWELL.

14.    The nursing charts of Defendant's facility reflects that Plaintiff was not proscribed psychotropic medications.

15.    On July 11, 2013, Defendant's Assistant Director of Nursing admitted to this negligent medication administration error upon review of Plaintiff's decedent's medical records, stating "[t]here's no consent for Remeron. There should have been a consent."

2

16.     Plaintiff's decedent, LUVERANEIZE CALDWELL, received an unnecessary administration and overdose of psychotropic medication while under the treatment and care of the nursing staff at Defendant's Westchester Health & Rehabilitation Center facility.

17.     The Defendant and its owners, officers, employees and agents had a duty not to violate the rights of any resident of its facility including, but not limited to, an obligation not to abuse or neglect any resident pursuant to 210 ILCS 45/1-103 and 210 ILCS 45/1-117 of the Illinois Nursing Home Care Act.

18.     During the time period of Plaintiff's decedent LUVERANEIZE CALDWELL's residency at Westchester Health & Rehabilitation Center, Defendant SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, through its owners, officers, employees and agents, failed to provide ordinary care and violated its duties under the Illinois Nursing Home Care Act by committing one or more of the following acts or omissions:

a.      In violation of 210 ILCS 45/2-106.1(a), provided decedent LUVERANEIZE CALDWELL with unnecessary drugs in an excessive dosage without adequate monitoring and without adequate indications for its use;

b.      In violation of 210 ILCS 45/2-106.1(b), proscribed decedent LUVERANEIZE CALDWELL psychotropic medication without the informed consent of the resident and her family, including guardian and Plaintiff ANDREA BRADLEY;

c.      Failed to maintain an accurate and current medical record for decedent LUVERANEIZE CALDWELL;

d.      Failed to notify decedent LUVERANEIZE CALDWELL's family, representative, and physician of changes in her physical and mental condition while she was a resident of Defendant's nursing facility;

e.      Failed to provide decedent LUVERANEIZE CALDWELL with appropriate, adequate medical care, personal care, maintenance, and treatment according to an individualized care plan based upon comprehensive and timely assessment of her individual needs;

f.      Failed to protect decedent LUVERANEIZE CALDWELL from abuse and/or neglect due to the excessive administration of unnecessary psychotropic drugs;

g.      Failed to keep residents free of any significant medication errors;

h.      Failed to control and monitor the distribution and access of facility staff and/or employees to controlled medications;

i.      Failed to maintain adequate safekeeping of medications, including psychotropic medication;

3

j.     Failed to ensure safety of residents, including decedent LUVERANEIZE CALDWELL, from receiving medications that were not prescribed by a licensed physician;

k.     Failed to provide decedent LUVERANEIZE CALDWELL necessary services to attain and maintain her physical, mental, and psychosocial wellbeing in accordance with a comprehensive assessment and plan of care.

19.    As a direct and proximate result of Defendant's violation of one or more of the aforesaid duties, LUVERANEIZE CALDWELL sustained severe physical, mental, and emotional injuries, including, but not limited to, severe pain for which LUVERANEIZE CALDWELL would have been entitled to recover compensation from the Defendant had she survived.

20.    As a direct and proximate result of Defendant's violation of one or more of the aforesaid duties, Plaintiff's decedent LUVERANEIZE CALDWELL sustained serious personal and pecuniary injuries including, but not limited to, disability, conscious pain and suffering, mental distress, and medical expenses for which LUVERANEIZE CALDWELL would have been entitled to receive compensation from the Defendant had she survived.

21.    ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, brings this action on behalf of Luveraneize Caldwell under the statute commonly referred to as the Illinois Survival Act, 755 ILCS 5/27-6.

22.    Attached to this Complaint is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, Plaintiff ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, prays for judgment against Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, to compensate her fully and fairly for all losses compensable under the Illinois Nursing Home Care Act, including costs and attorney's fees pursuant to 210 ILCS 45/3-602, in an amount over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

## Count II- Illinois Nursing Home Care Act—Survival Statute

1.    Plaintiff re-alleges, adopts and restates Paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of Count II.

9.    On or about June 28, 2013, Plaintiff's decedent LUVERANEIZE CALDWELL was transported from Defendant's facility to Elmhurst Memorial Hospital in Elmhurst, Illinois by ambulance.

10.    Upon admission to the emergency room at Elmhurst Memorial Hospital on or about June 28, 2013, Plaintiff's decedent LUVERANEIZE CALDWELL was diagnosed with hypoglycemia, among other ailments.

4

11.    The medical records from Elmhurst Memorial Hospital on or about July 28, 2013 state that Plaintiff's decedent LUVERANEIZE CALDWELL is a "brittle diabetic," which is a severe form of diabetes characterized by swings between very high and very low blood sugar levels.

12.    The Illinois Department of Public Health conducted an investigation of Defendant's facility regarding the care and treatment of Plaintiff's decedent LUVERANEIZE CALDWELL and determined that Defendant failed to proscribe diabetic "hour of sleep" snacks to Plaintiff's decedent.

13.    The failure of Defendant, by and through its employees and/or agents, to proscribe and deliver a daily diabetic hour of sleep snack to Plaintiff's decedent LUVERANEIZE CALDWELL over a 10-day period caused her hypoglycemia.

14.    On July 10, 2013, Defendant's Dietary Supervisor admitted to this negligent error by Defendant's facility, stating "[w]e do set up bedtime snacks at the nurses station, but obviously residents aren't aware that they're there and it doesn't sound like staff are offering snacks to them."

15.    The Defendant and its owners, officers, employees and agents had a duty not to violate the rights of any resident of its facility including, but not limited to, an obligation not to abuse or neglect any resident pursuant to 210 ILCS 45/1-103 and 210 ILCS 45/1-117 of the Illinois Nursing Home Care Act.

16.    During the time period of Plaintiff's decedent LUVERANEIZE CALDWELL's residency at Westchester Health & Rehabilitation Center, Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, through its owners, officers, employees and agents, failed to provide ordinary care and violated its duties under the Illinois Nursing Home Care Act by committing one or more of the following acts or omissions:

a.    Failed to provide decedent LUVERANEIZE CALDWELL with appropriate, adequate medical care, personal care, maintenance, and treatment according to an individualized care plan based upon comprehensive and timely assessment of her individual needs;

b.    Failed to provide supervision and oversight to ensure the overall well-being and safety of decedent LUVERANEIZE CALDWELL while she was a resident of Defendant's nursing facility;

c.    Failed to properly and adequately monitor and supervise decedent LUVERANEIZE CALDWELL to prevent her suffering from hypoglycemia while a resident of Defendant's nursing facility;

d.    Failed to supervise and train its staff and/or employees to properly administer nutrition to residents, including diabetic hour of sleep snacks;

e.  Was otherwise careless and negligent in the treatment of decedent ELIZBETH MACK.

17.  As a direct and proximate result of Defendant's violation of one or more of the aforesaid duties, Plaintiff's decedent LUVERANEIZE CALDWELL sustained serious personal and pecuniary injuries including, but not limited to, disability, conscious pain and suffering, mental distress, and medical expenses for which LUVERANEIZE CALDWELL would have been entitled to receive compensation from the Defendant had she survived.

18.  ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, brings this action on behalf of Luveraneize Caldwell under the statute commonly referred to as the Illinois Survival Act, 755 ILCS 5/27-6.

19.  Attached to this Complaint is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, Plaintiff ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, prays for judgment against Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, to compensate her fully and fairly for all losses compensable under the Illinois Nursing Home Care Act, including costs and attorney's fees pursuant to 210 ILCS 45/3-602, in an amount over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully Submitted,
KEATING LAW OFFICES

Attorneys for the Plaintiff

James P. Lynch
KEATING LAW OFFICES, P.C.
Attorneys for Plaintiff
79 West Monroe - Suite 1024
Chicago, IL 60603
(312) 239-6787
Firm Number: 45195

6

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANDREA BRADLEY, as Independent<br>Administrator of the Estate of<br>LUVERANEIZE CALDWELL, Deceased,<br><br>      Plaintiff,<br><br>      vs.<br><br>SSC WESTCHESTER OPERATING COMPANY,<br>LLC d/b/a WESTCHESTER HEALTH &<br>REHABILITATION CENTER,<br>      Defendant. | No. |

### RULE 222 AFFIDAVIT

The undersigned, JAMES P. LYNCH, states, having been duly sworn on oath that as of this date the total amount of money damages sought in this matter exceeds $50,000.00.

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Respectfully Submitted,
KEATING LAW OFFICES

Attorneys for the Plaintiff

KEATING LAW OFFICES, P.C.
Attorneys for Plaintiff
79 West Monroe, Suite 1024
Chicago, Illinois 60603
(312) 239-6787
Firm Number: 45195

7

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Law_____ DIVISION

Andrea Bradley, as Independent Administrator of the Estate of Luveranelze Caldwell, Deceased

(Name all parties)

v.

SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER

No. _____

2015L006125

Please serve Registered Agent:

C T Corporation System

208 South LaSalle Street, Suite 814, Chicago, Illinois 60604

ROOM C
TIME 00:00

## ⦿ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 45195 _____

Name: James P. Lynch/Keating Law Offices, P.C.

Atty. for: Plaintiff

Address: 79 West Monroe Street, Unit 1024

City/State/Zip: Chicago, Illinois 60603

Telephone: 312.239.6787

WITNESS _____,

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_____
Clerk of Court

Date of service: JUN 16 2015
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**DIE DATE**
**07/09/2015**

**DOC.TYPE:** LAW
**CASE NUMBER:** 15L006125
**DEFENDANT** **SERVICE INF**
SSC WESTCHESTER OPERATING COMPANY, LLC RA
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**ATTACHED**

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT, Law_____ DIVISION

No. **2015L006125**
**CALENDAR/ROOM C**
**TIME 00:00**
**PI Other**
Please serve Registered Agent:

Andrea Bradley, as independent Administrator of the Estate of Luveraneize Caldwell, Deceased

(Name all parties)

v.

C T Corporation System

208 South LaSalle Street, Suite 814, Chicago, Illinois 60604

SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER

## ◉ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room __*801*__, Chicago, Illinois 60602

◯ **District 2 - Skokie**　　　◯ **District 3 - Rolling Meadows**　　　◯ **District 4 - Maywood**
5600 Old Orchard Rd.　　　　2121 Euclid　　　　　　　　　　　1500 Maybrook Ave.
Skokie, IL 60077　　　　　　 Rolling Meadows, IL 60008　　　　 Maywood, IL 60153

◯ **District 5 - Bridgeview**　　◯ **District 6 - Markham**　　　　　◯ **Child Support**
10220 S. 76th Ave.　　　　　 16501 S. Kedzie Pkwy.　　　　　　28 North Clark St., Room 200
Bridgeview, IL 60455　　　　　Markham, IL 60428　　　　　　　　Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 45195

Name: James P. Lynch/Keating Law Offices, P.C.

Atty. for: Plaintiff

Address: 79 West Monroe Street, Unit 1024

City/State/Zip: Chicago, Illinois 60603

Telephone: 312.239.6787

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____,

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: JUN 16 2015
(To be inserted by officer on copy left with defendant or other person)

(Area Code)　(Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**DIE DATE**
07/09/2015

*01813159*

DOC.TYPE: LAW
CASE NUMBER: 15L006125
DEFENDANT
SSC WESTCHESTER OPERATING COMPANY, LLC RA (
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE INF

ATTACHED

**Civil Action Cover Sheet - Case Initiation**                    (11/06/13) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Andrea Bradley, as Independent Administrator of the Estate of Luveraneize Caldwell, Deceased

v.                                              No. _____

SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER

```
2015L006125
CALENDAR/ROOM C
TIME 00:00
PI Other
```

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☑ No

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☑ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

(FILE STAMP)                    2015 JUN 16 PM 3: 25
DOROTHY BROWN CLERK OF CIRCUIT COURT

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please specify below.**)*
- ☐ 075 Other Commercial Litigation
  *(Please specify below.**)*
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

Service via email from opposing party/counsel will be accepted at:

By: James P. Lynch/Keating Law Offices, P.C.    Atty # 45195
___(Attorney)___    ___(Pro Se)___    by consent pursuant to Ill. Sup. Court Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address: _____

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ANDREA BRADLEY, as Independent )
Administrator of the Estate of )
LUVERANEIZE CALDWELL, Deceased, )
         )
     Plaintiff, )
         )
vs.          )    No.    2015L006125
         )          CALENDAR/ROOM C
SSC WESTCHESTER OPERATING COMPANY, )        TIME 00:00
LLC d/b/a WESTCHESTER HEALTH & )         PI Other
REHABILITATION CENTER, )
     Defendant.    )

### COMPLAINT AT LAW

NOW COMES the Plaintiff, ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, Deceased, by and through her attorneys, KEATING LAW OFFICES, P.C., and files her Complaint at Law against the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, stating as follows:

### Count I - Illinois Nursing Home Care Act—Survival Act

1.     Plaintiff's decedent LUVERANEIZE CALDWELL died on July 25, 2014.

2.     Plaintiff ANDREA BRADLEY has been appointed the Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, and is authorized by law to bring this action.

3.     Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, is a limited liability company organized and existing pursuant to the laws of Illinois.

4.     At all times relevant to this Complaint, the Illinois Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.*, was in full force and effect.

5.     At all times relevant to this Complaint, the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, was the owner, licensee, and/or operator of the Westchester Health & Rehabilitation Center, also known as "Sava Senior Care", a "facility" as defined by 210 ILCS 45/1-113 of the Illinois Nursing Home Care Act, located at or near 2901 Wolf Road, Village of Westchester, County of Cook, State of Illinois (hereinafter "the facility").

16.     Plaintiff's decedent, LUVERANEIZE CALDWELL, received an unnecessary administration and overdose of psychotropic medication while under the treatment and care of the nursing staff at Defendant's Westchester Health & Rehabilitation Center facility.

17.     The Defendant and its owners, officers, employees and agents had a duty not to violate the rights of any resident of its facility including, but not limited to, an obligation not to abuse or neglect any resident pursuant to 210 ILCS 45/1-103 and 210 ILCS 45/1-117 of the Illinois Nursing Home Care Act.

18.     During the time period of Plaintiff's decedent LUVERANEIZE CALDWELL's residency at Westchester Health & Rehabilitation Center, Defendant SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, through its owners, officers, employees and agents, failed to provide ordinary care and violated its duties under the Illinois Nursing Home Care Act by committing one or more of the following acts or omissions:

a.      In violation of 210 ILCS 45/2-106.1(a), provided decedent LUVERANEIZE CALDWELL with unnecessary drugs in an excessive dosage without adequate monitoring and without adequate indications for its use;

b.      In violation of 210 ILCS 45/2-106.1(b), proscribed decedent LUVERANEIZE CALDWELL psychotropic medication without the informed consent of the resident and her family, including guardian and Plaintiff ANDREA BRADLEY;

c.      Failed to maintain an accurate and current medical record for decedent LUVERANEIZE CALDWELL;

d.      Failed to notify decedent LUVERANEIZE CALDWELL's family, representative, and physician of changes in her physical and mental condition while she was a resident of Defendant's nursing facility;

e.      Failed to provide decedent LUVERANEIZE CALDWELL with appropriate, adequate medical care, personal care, maintenance, and treatment according to an individualized care plan based upon comprehensive and timely assessment of her individual needs;

f.      Failed to protect decedent LUVERANEIZE CALDWELL from abuse and/or neglect due to the excessive administration of unnecessary psychotropic drugs;

g.      Failed to keep residents free of any significant medication errors;

h.      Failed to control and monitor the distribution and access of facility staff and/or employees to controlled medications;

i.      Failed to maintain adequate safekeeping of medications, including psychotropic medication;

    j.       Failed to ensure safety of residents, including decedent LUVERANEIZE CALDWELL, from receiving medications that were not prescribed by a licensed physician;

    k.       Failed to provide decedent LUVERANEIZE CALDWELL necessary services to attain and maintain her physical, mental, and psychosocial wellbeing in accordance with a comprehensive assessment and plan of care.

19.      As a direct and proximate result of Defendant's violation of one or more of the aforesaid duties, LUVERANEIZE CALDWELL sustained severe physical, mental, and emotional injuries, including, but not limited to, severe pain for which LUVERANEIZE CALDWELL would have been entitled to recover compensation from the Defendant had she survived.

20.      As a direct and proximate result of Defendant's violation of one or more of the aforesaid duties, Plaintiff's decedent LUVERANEIZE CALDWELL sustained serious personal and pecuniary injuries including, but not limited to, disability, conscious pain and suffering, mental distress, and medical expenses for which LUVERANEIZE CALDWELL would have been entitled to receive compensation from the Defendant had she survived.

21.      ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, brings this action on behalf of Luveraneize Caldwell under the statute commonly referred to as the Illinois Survival Act, 755 ILCS 5/27-6.

22.      Attached to this Complaint is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, Plaintiff ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, prays for judgment against Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, to compensate her fully and fairly for all losses compensable under the Illinois Nursing Home Care Act, including costs and attorney's fees pursuant to 210 ILCS 45/3-602, in an amount over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

## Count II- Illinois Nursing Home Care Act—Survival Statute

1.      Plaintiff re-alleges, adopts and restates Paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of Count II.

9.      On or about June 28, 2013, Plaintiff's decedent LUVERANEIZE CALDWELL was transported from Defendant's facility to Elmhurst Memorial Hospital in Elmhurst, Illinois by ambulance.

10.      Upon admission to the emergency room at Elmhurst Memorial Hospital on or about June 28, 2013, Plaintiff's decedent LUVERANEIZE CALDWELL was diagnosed with hypoglycemia, among other ailments.

11.    The medical records from Elmhurst Memorial Hospital on or about July 28, 2013 state that Plaintiff's decedent LUVERANEIZE CALDWELL is a "brittle diabetic," which is a severe form of diabetes characterized by swings between very high and very low blood sugar levels.

12.    The Illinois Department of Public Health conducted an investigation of Defendant's facility regarding the care and treatment of Plaintiff's decedent LUVERANEIZE CALDWELL and determined that Defendant failed to proscribe diabetic "hour of sleep" snacks to Plaintiff's decedent.

13.    The failure of Defendant, by and through its employees and/or agents, to proscribe and deliver a daily diabetic hour of sleep snack to Plaintiff's decedent LUVERANEIZE CALDWELL over a 10-day period caused her hypoglycemia.

14.    On July 10, 2013, Defendant's Dietary Supervisor admitted to this negligent error by Defendant's facility, stating "[w]e do set up bedtime snacks at the nurses station, but obviously residents aren't aware that they're there and it doesn't sound like staff are offering snacks to them."

15.    The Defendant and its owners, officers, employees and agents had a duty not to violate the rights of any resident of its facility including, but not limited to, an obligation not to abuse or neglect any resident pursuant to 210 ILCS 45/1-103 and 210 ILCS 45/1-117 of the Illinois Nursing Home Care Act.

16.    During the time period of Plaintiff's decedent LUVERANEIZE CALDWELL's residency at Westchester Health & Rehabilitation Center, Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, through its owners, officers, employees and agents, failed to provide ordinary care and violated its duties under the Illinois Nursing Home Care Act by committing one or more of the following acts or omissions:

a.    Failed to provide decedent LUVERANEIZE CALDWELL with appropriate, adequate medical care, personal care, maintenance, and treatment according to an individualized care plan based upon comprehensive and timely assessment of her individual needs;

b.    Failed to provide supervision and oversight to ensure the overall well-being and safety of decedent LUVERANEIZE CALDWELL while she was a resident of Defendant's nursing facility;

c.    Failed to properly and adequately monitor and supervise decedent LUVERANEIZE CALDWELL to prevent her suffering from hypoglycemia while a resident of Defendant's nursing facility;

d.    Failed to supervise and train its staff and/or employees to properly administer nutrition to residents, including diabetic hour of sleep snacks;

e.  Was otherwise careless and negligent in the treatment of decedent ELIZBETH MACK.

17.  As a direct and proximate result of Defendant's violation of one or more of the aforesaid duties, Plaintiff's decedent LUVERANEIZE CALDWELL sustained serious personal and pecuniary injuries including, but not limited to, disability, conscious pain and suffering, mental distress, and medical expenses for which LUVERANEIZE CALDWELL would have been entitled to receive compensation from the Defendant had she survived.

18.  ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, brings this action on behalf of Luveraneize Caldwell under the statute commonly referred to as the Illinois Survival Act, 755 ILCS 5/27-6.

19.  Attached to this Complaint is an Affidavit pursuant to Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, Plaintiff ANDREA BRADLEY, as Independent Administrator of the Estate of LUVERANEIZE CALDWELL, deceased, prays for judgment against Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, to compensate her fully and fairly for all losses compensable under the Illinois Nursing Home Care Act, including costs and attorney's fees pursuant to 210 ILCS 45/3-602, in an amount over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully Submitted,
KEATING LAW OFFICES

Attorneys for the Plaintiff

James P. Lynch
KEATING LAW OFFICES, P.C.
Attorneys for Plaintiff
79 West Monroe - Suite 1024
Chicago, IL 60603
(312) 239-6787
Firm Number: 45195

6

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00103577 Law-01 6/16/2015 4:20PM
ATTY: 45195 019 CLAUDINO
AD DAMNUM: $50,000.00
CASE NO: 2015L006125 CALENDAR: C
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $337.00

| | |
|---|---|
| Automation | $15.00 |
| Document Storage | $15.00 |
| Law Library | $21.00 |
| Arbitration | $10.00 |
| Base Filing Fee 6 | $240.00 |
| Dispute Resolution | $1.00 |
| Court Services | $25.00 |
| Children Waiting Rm | $10.00 |
| CHECK NO: 3599 | |
| CHECK AMOUNT: | $337.00 |
| CHANGE | $0.00 |
| TRANSACTION TOTAL: | $337.00 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANDREA BRADLEY, as Independent )
Administrator of the Estate of )
LUVERANEIZE CALDWELL, Deceased, )
                       )
         Plaintiff, )
                       )
     vs.                  )     No.
                       )
SSC WESTCHESTER OPERATING COMPANY, )
LLC d/b/a WESTCHESTER HEALTH & )
REHABILITATION CENTER, )
         Defendant. )

### RULE 222 AFFIDAVIT

      The undersigned, JAMES P. LYNCH, states, having been duly sworn on oath that as of this date the total amount of money damages sought in this matter exceeds $50,000.00.

[X]     Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

                                      Respectfully Submitted,
                                      KEATING LAW OFFICES

                                      Attorneys for the Plaintiff

KEATING LAW OFFICES, P.C.
Attorneys for Plaintiff
79 West Monroe, Suite 1024
Chicago, Illinois 60603
(312) 239-6787
Firm Number: 45195

7

CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM. ROOM, DALEY CTR.
CHICAGO, IL. 60602


ID: LD2015L006125    20150622000003
AT: KEATING LAW OFFICES PC
TO: JVIETRI@KEATINGLEGAL.COM

            * * * * * N O T I C E * * * * *

            CASE  15-L-006125


BRADLEY ANDREA          V.      SSC WESTCHESTER OPERATING
THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON TUESDAY
THE 18TH DAY OF AUGUST IN ROOM 2203 AT 9:30 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



* 01813159 *

| CASE NUMBER: 15L006125 | MULT.SER. 1 | DOC. TYPE: LAW |
|---|---|---|
| **DIE DATE: 07/09/2015** | RECEIVED DATE: 6/16/2015 12:00:00 PM | FILED DATE: 06/16/2015 DIST: 604 DC |

| **DEFENDANT** | **PLAINTIFF** |
|---|---|
| SSC WESTCHESTER OPERATING COMPANY, LLC | BRADLEY, ANDREA |
| 208 S LASALLE ST | **ATTORNEY** |
| CHICAGO, IL 60604 | KEATING LAW OFFICES PC |
| STE 814 | 79 W MONROE #1024 |
| | CHICAGO, IL 60603 |
| | (312) 239-6787 |

**ATTACHED FEE AMOUNT:**

**SERVICE INFORMATION:**     RM 801  RA CT CORP SYSTEM

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

_____ **(1) PERSONAL SERVICE:**

BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

_____ **(2) SUBSTITUTE SERVICE:**

BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS.  ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____.

_____ **(3) UNKNOWN OCCUPANTS:**

BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

✗ **(4) CORP/CO/BUS/PART:**

BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP

_____ **(5)  PROPERTY RECOVERED:**

NO ONE PRESENT TO RECEIVE ORDER OF COURT.  ORDER POSTED IN PLAIN VIEW.

_____ **(6) S.O.S./D.O.I.:**

BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE.  ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

_____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

_____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE  WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| _____ (01) NO CONTACT | _____ (05) WRONG ADDRESS | _____ (09) DECEASED |
| _____ (02) MOVED | _____ (06) NO SUCH ADDRESSS | _____ (10) NO REGISTERED AGENT |
| _____ (03) EMPTY LOT | _____ (07) EMPLOYER REFUSAL | _____ (11) OUT OF COOK COUNTY |
| _____ (04) NOT LISTED | _____ (08) CANCELLED BY PLAINTIFF ATTY | _____ (12) OTHER REASON (EXPLAIN) |

EXPLANATION: _____

| | ATTEMPTED SERVICES | | |
|---|---|---|---|
| | DATE | TIME (AM/PM) | STAR # |
| WRIT SERVED ON: Ms. Starks | | 10 00 A | 1068 |
| SEX: M / F   RACE B   AGE: 43 | : | | |
| THIS 18 DAY OF June , 20 15 | : | | |
| Thomas J. Dart | : | | |
| SHERIFF, BY: _____, DEPUTY | : | | |

T. Lampkin #10683

YPI605